UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR LEE WARREN, | No. C 08-5794 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ED FOULK, Executive Director, Napa State Hospital; et al., | |
| Defendants. | |

## INTRODUCTION

Edgar Lee Warren, formerly an inmate in the Butte County Jail and Napa State Hospital, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that two or more pieces of his mail were opened outside his presence at Napa State Hospital. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). However, an allegation of an isolated incident of mail mishandling may not be enough to state a First Amendment claim. See Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.), cert. denied, 418 U.S. 910 (1974). Liberally construed, the complaint appears to allege a claim for a First Amendment violation as Warren alleges that several pieces of his outgoing mail have not been sent by the staff at Napa State Hospital. However, as explained below, the complaint cannot be served on any defendant because plaintiff has not identified any defendant who would have liability for the mail interference.

There are three named defendants: Ed Foulk, Napa State Hospital, and the "mail room." Ed Foulk is the director of Napa State Hospital. Foulk is not alleged to have worked in the mail room, and apparently is named as a defendant because he is in charge of the facility at which the alleged mail interference occurred. The hospital itself is apparently included as a defendant because it is the facility at which the alleged mail interference occurred. There is no respondeat superior liability under §1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under §1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The complaint does not state a claim against director Foulk or against Napa State Hospital.

The third defendant is not even a person, but only a location, i.e., the "mail room." This is not a proper defendant in a § 1983 action. In his amended complaint, Warren needs to identify by name the individuals who failed to mail out his letters. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

2

Warren seeks appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The motion for appointment of counsel therefore is DENIED without prejudice to renewal if plaintiff ever names defendants who can be served with process. (Docket # 3.)

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED with leave to amend. Warren must file an amended complaint no later than **November 6, 2009**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page and cure the deficiencies identified in this order. Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

DATED: October 5, 2009

Marilyn Hall Patel
United States District Judge

3